# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

*FILED IN CHAMBERS*
*U.S.D.C.  Atlanta*

*MAR 0 5 2009*

By: *JAMES N. HATTEN, Clerk*

*Deputy Clerk*

**UNITED STATES OF AMERICA**

-vs-

Case No.  1:07-CR-129-01-JEC

**GREGG JUNNIER,**

**Defendant's Attorney:**
**Wilmer Parker, III**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. § 241, | Conspiracy Against Rights of Citizens | 1 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.        4611
Defendant's Date of Birth:        1966
Defendant's Mailing Address:
Woodstock, Georgia

Date of Imposition of Sentence: February 24, 2009

Signed this the _____ Day of March, 2009.

JULIE E. CARNES
CHIEF U.S. DISTRICT JUDGE

1:07-CR-129-01-JEC : GREGG JUNNIER

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SEVENTY-TWO (72) MONTHS, TO BE GIVEN CREDIT FOR TIME SERVED SINCE DECEMBER 3, 2007.  THE SENTENCE IN THIS CASE IS TO RUN CONCURRENTLY WITH ANY SENTENCE IMPOSED IN FULTON COUNTY SUPERIOR COURT CASE  #07SC55953.**

The defendant is remanded to the custody of the United States Marshal.

The Court recommends to the Bureau of Prisons that defendant be designated to FCI Jesup or the nearest appropriate facility consistent with BOP policy and security assessments.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

Deputy U.S. Marshal

1:07-CR-129-01-JEC : GREGG JUNNIER

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall not own, possess or have under his/her control any firearm, dangerous weapon or other destructive device.

The defendant shall make restitution payments from any wages he/she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $100.

The defendant shall perform 80 hours of community service as directed by the U. S. Probation Officer.

Pursuant to 42 U.S.C. 14135a(d)(1) and 10 U.S.C. 1565((d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

1:07-CR-129-01-JEC : GREGG JUNNIER

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1.   The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.   The defendant shall support his or her dependents and meet other family responsibilities;

5.   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.   The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.   The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

1:07-CR-129-01-JEC : GREGG JUNNIER

9.     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.    The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.


## RESTITUTION


The defendant shall make restitution to the following person(s) in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| **The Estate of Kathryn Johnston**<br>**c/o Attorney Shean DeCarlos Williams**<br>**127 Peachtree Street, N.W., Suite 800**<br>**Atlanta, Georgia 30303** | **$8,180.00** |


This restitution shall be paid jointly and severally, at a rate of $100 per month, with co-defendant Jason Smith (2) and with Arthur B. Tesler, case number 1:08-CR-424-01-JEC.